Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| CASCADE MANUFACTURING SALES, INC., a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PROVIDNET CO TRUST, a Washington trust dba WORMSWRANGLER.COM; BARRY RUSSELL, an individual,<br><br>　　　　　Defendants. | No. C08-5433RBL<br><br>DECLARATION OF BARRY RUSSELL IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>**NOTE ON MOTION CALENDAR AUGUST 29, 2008** |

　　1.　　I am the Trustee and Manager of Providnet Co Trust ("Providnet"), and one of the defendants in this lawsuit. I make this declaration from my personal knowledge as to the facts set forth herein.

　　2.　　I acquired Providnet in approximately 2000. Providnet is licensed to do business in Washington State. I act as Providnet's trustee.

　　3.　　I registered the GUSANITO SOIL tradename with the Washington Department of Licensing on December 5, 2003. I began using the GUSANITO family of marks prior to this date, including the use of GUSANITO WORM FACTORY. A true and accurate copy of a printout from the Washington State Department of Licensing is attached hereto as Exhibit ("Ex.") A.

RUSSELL DECLARATION IN SUPPORT OF DEFENDANTS' RESPONSE TO PRELIM. INJ. MOTION (C08-5433RBL) - 1

CHRISTENSEN O'CONNOR JOHNSON KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

4. Providnet manufactures worm related products and sells these products at wholesale as well as retail worldwide, including the United States.

5. Since 2001, I both personally and through Providnet have been involved in the vermiculture business whereby I gained an expertise in growing specially bred worms that are used to convert organic matter into compost. This compost also is known as worm castings.

6. From the late fall of 2001 to the late fall of 2002, I worked as the lead worm grower at Yelm Earthworm and Castings Farm ("Yelm Farm"). Here, we grew worms, marketed worm-related products, and also developed processes for using worms to create compost which then could be applied to the soil to improve soil conditions.

7. During my tenure at Yelm Farm, I first met Ralph Rhoads.

8. In 2001, neither Rhoads nor Cascade was involved in any business associated with worms or worm composting. Rhoads came to Yelm Farms to learn more about the vermiculture business because, at the time, Yelm Farms was a leader in this industry.

9. During our early discussions, Rhoads informed me that he had created a square black stackable worm bin for use as a worm farm. Rhoads did not have any contacts in the worm industry and did not understand how to market this item. In addition, Rhoads' square black stackable worm bin was poorly designed and needed some modifications. I suggested modifications to Rhoads' design. Rhoads immediately implemented my recommendations.

10. In 2003, I began to sell stackable worm bins on behalf of Providnet under the GUSANITO WORM FACTORY mark with Rhoads' consent and prior to the formation of Cascade. During this time, I also sold Rhoads worms for Cascade's worm factories.

11. In March, 2003, Cascade was formed in Washington State. Rhoads acted as the president of Cascade.

12. After Cascade was formed, I continued to work with Cascade to market this worm bin nationally and internationally. In exchange for my marketing efforts and national and international contacts, I would receive an extra 15 % off of posted wholesale pricing on all bins I purchased from Cascade and I was permitted to act as a wholesale distributor for worm bins sold

RUSSELL DECLARATION IN SUPPORT OF
DEFENDANTS' RESPONSE TO PRELIM. INJ.
MOTION (C08-5433RBL) - 2

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS⁽ᴾᴸᴸᶜ⁾

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

under the "worm factory" term. Moreover, I would earn a factory representative commission of 15% on all new customer sales made by me for Cascade.

13. Cascade and Providnet entered into a Purchase Agreement from January, 2004 through January, 2008 whereby Providnet purchased worm bins from Cascade for resale. A true and accurate copy of the Resale Certificate is attached hereto as Ex. B.

14. I also independently continued to use and market Providnet's GUSANITO WORM FACTORY worm bins. I have been using and marketing Providnet's GUSANITO WORM FACTORY worm bins since 2003. I entered into an agreement with Cascade to act as a distributor for the worm bins sold under the term "worm factory," as well, to develop the market. The intent was to build the non-existing market for these worm bins together. A true and accurate copy of sales materials evidencing this agreement is attached hereto as Ex. C.

15. In 2003, Rhoads and I discussed the possible names for the worm bins. I informed Rhoads of a well-known Australian company, Rein Corp., that commercially manufactured and sold worm bins under the term "worm factory" internationally, including in the United States. Rein Corp. had been selling this product in the United States at least as early as the mid-1990's. We decided upon the use of the "worm factory" term because it already was in the public domain. We also discussed whether it was possible to trademark this term but decided against it for this reason. In fact, Rhoads specifically stated that he believed the term "worm factory" was not registrable due to existing uses in the public domain.

16. I continued to market and sell worm bins under the GUSANITO WORM FACTORY mark for Providnet after the formation of Cascade in 2003. In fact, I have continuously and exclusively used this mark from 2003 until the current time.

17. Since 2003, I have invested thousands of hours and dollars in developing Providnet's GUSANITO WORM FACTORY mark with first Rhoads' and then Cascade's knowledge and consent. I believe this is because both Rhoads and Cascade needed my expertise to develop their business. Neither Rhoads nor anyone at Cascade had sufficient "hands-in-the-dirt" experience of growing worms.

RUSSELL DECLARATION IN SUPPORT OF
DEFENDANTS' RESPONSE TO PRELIM. INJ.
MOTION (C08-5433RBL) - 3

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

18. Not only did I invest considerable resources in developing the GUSANITO WORM FACTORY mark for Providnet; but, I also created a lot of marketing collateral for Cascade through its use of the "worm factory" term. Providnet has been and is the foremost leader in the marketing of worm related products online using Google Pay Per Clicks ("PPC"), Microsoft PPC, Yahoo PPC, and other confidential proprietary online marketing venues. Our current retail http://www.wormswrangler.com website received almost 11,000 hits per day in June 2008. A true and accurate copy of the usage statistics for this site are attached hereto as Ex. D.

19. I have been continuously using the GUSANITO WORM FACTORY mark for worm bins, on behalf of Providnet from 2003 through 2008 first with Rhoads' and later Cascade's knowledge and consent.

20. Providnet does not use any of Cascade's logos. Providnet has never used any of Cascade's logos. Providnet is the first user of the WORMSWRANGLER.com logo. A true and accurate copy of this logo is attached hereto as Ex. E.

21. I have used Cascade's logo to market and sell Cascade's worm bins sold under the "worm factory" term during my business relationship with Cascade. This use was with Cascade's knowledge and consent. Moreover, this use inured solely to the benefit of Cascade.

22. From my marketing efforts for Cascade and Providnet, the worm bin business exponentially grew for both companies. I believe that my efforts on behalf of both companies have allowed the companies to achieve markedly high growth over the years.

23. Prior to the formation of Cascade, Rhoads and I worked together to market and sell the worm bin products using the "worm factory" term to Yelm Farms. I had a prior relationship with them and it was decided that I was best suited to directly deal with them. In 2004, I worked with Yelm Farms on behalf of Cascade.

24. My business relationship with Cascade lasted for approximately 3 years until fall 2006. Rhoads unilaterally terminated my business relationship with Cascade. Cascade began to directly sell to Yelm Farm as well as my other accounts. Cascade also charged these accounts a

RUSSELL DECLARATION IN SUPPORT OF
DEFENDANTS' RESPONSE TO PRELIM. INJ.
MOTION (C08-5433RBL) - 4

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

lower price than it charged me to buy the worm bins from Cascade. It is my belief that Cascade felt the only way to compete with my strong market position was to charge my customers less than Providnet's costs to purchase worm bins from Cascade in order to insure that I could not compete with Cascade.

25.  As a result, I felt more empowered to improve the worm bin product to compete. In 2006, I began working on a new design for worm bins and began my search to manufacture my new design.

26.  I did start to manufacture this new design in 2006 and continued to sell this newly designed worm bin, on behalf of Providnet, under the GUSANITO WORM FACTORY mark.

27.  Providnet's GUSANITO WORM FACTORY worm bin has an entirely different appearance than Cascade's worm bins. For example, the GUSANITO WORM FACTORY has a pitched roof. This improves the functionality and success of the worm bin composting process. Cascade's worm bin has no similar feature.

28.  On June 25, 2007, Cascade initiated a collection action against me in the District Court of Washington for Thurston County, No. 76313. I asserted breach of contract and tortious interference with business expectancy counterclaims in this action. I do not owe Cascade any money. I believe Cascade owes me money.

29.  In November 2007, Cascade filed an application to register the term "worm factory" with the USPTO. Cascade filed this application knowing that Providnet had used the GUSANITO WORM FACTORY mark since 2003 with both Rhoads' and Cascade's knowledge and consent. In addition, Cascade filed this application knowing that Reln Corp. had been using the term "worm factory" to sell worm composting bins in the United States and internationally since the mid 1990s.

30.  In May 2008, I learned that Cascade was soon to receive a trademark registration for the term "worm factory." In addition, I learned that Cascade was ordering me to stop using my GUSANITO WORM FACTORY mark even though I have used it in commerce for over five years with Rhoads and Cascade's knowledge and consent. In fact, my use of the GUSANITO



CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

1  WORM FACTORY mark predates Cascade's very existence. True and accurate copies of the
2  parties' correspondences in May and June are attached hereto as Ex. F.

3    31.   In an effort to settle this matter, I now use the GUSANITO FACTORY OF
4  WORMS mark in an effort to differentiate Providnet and Cascade's businesses.

5    32.   If the Court grants Cascade's Motion for Preliminary Injunction and orders
6  Providnet to stop using its GUSANITO FACTORY OF WORMS mark, it would seriously impact
7  Providnet's business operations. Provident would have to take down its website; destroy catalogs,
8  advertising and promotional material, reprint catalogs; and, invest additional valuable resources to
9  rebrand, as well as, remarket its product.

10   33.   A true and accurate representative sample of Providnet's website and promotional
11  materials are attached hereto as Ex. G.

12   34.   A preliminary injunction forcing Providnet to stop using its GUSANITO WORM
13  FACTORY mark during the pendency of this litigation would result in a loss of over $250,000 in
14  yearly revenues. A true and accurate copy of Providnet's financial statement identifying profits
15  from January, 2008 through August, 2008 is attached hereto as Ex. H.

16   35.   In addition, it would cost Providnet $250,000 to reinstate its advertising and
17  recover the loss of goodwill that would result from our inability to use our mark in commerce
18  during this litigation.

19   I swear under the penalty of perjury under the laws of the State of Washington and the
20  United States that the foregoing is true and correct.

RUSSELL DECLARATION IN SUPPORT OF
DEFENDANTS' RESPONSE TO PRELIM. INJ.
MOTION (C08-5433RBL) - 6

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

1  Executed this 24 day of August, 2008 at Seattle, Washington.



BARRY RUSSELL

RUSSELL DECLARATION IN SUPPORT OF
DEFENDANTS' RESPONSE TO PRELIM. INJ.
MOTION (C08-5433RBL) - 7

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Venkat Balasubramani, Esq.**
Balasubramani Law
8426 40th Ave SW
Seattle, WA 98136
venkat@balasubramani.com

                    s/Anne Calico
                    Anne Calico
                    Christensen O'Connor Johnson Kindness[PLLC]
                    1420 Fifth Avenue, Suite 2800
                    Seattle, WA 98101-2347
                    Telephone: 206.682.8100
                    Fax: 206.224.0779
                    E-mail: courtdoc@cojk.com

RUSSELL DECLARATION IN SUPPORT OF
DEFENDANTS' RESPONSE TO PRELIM. INJ.
MOTION (C08-5433RBL) - 8

CHRISTENSEN O'CONNOR JOHNSON KINDNESS[PLLC]
LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100