**HONORABLE RONALD B. LEIGHTON**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CASCADE MANUFACTURING SALES, INC., a Washington corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>PROVIDNET CO TRUST, a Washington trust d/b/a WORMSWRANGLER.COM; BARRY RUSSELL, an individual,<br><br>    Defendants. | Case No.: **C08-5433RBL**<br><br>PLAINTIFF'S MOTION FOR ENFORCEMENT OF PRELIMINARY INJUNCTION AND FOR A FINDING OF CONTEMPT<br><br>**NOTING DATE:  April 3, 2009** |

## I.   INTRODUCTION

Plaintiff Cascade Manufacturing Sales ("*Cascade*") moves this Court to enter a finding of contempt against Defendants Providnet Co. Trust (d/b/a wormswrangler.com) and Barry Russell (together, the "*Russell Defendants*") for their willful failure to comply with this Court's November 12, 2008 Order (as clarified by the Court's January 7, 2009 Order, the "*Injunction*").  The Injunction prohibited the Russell Defendants from using the phrase "Worm Factory" as well as terms confusingly similar to it (including but not limited to "Factory of Worms") to sell, offer for sale, advertise or distribute the Russell Defendants' products.  Unfortunately, the Russell Defendants continue to exploit Cascade's valuable intellectual property by selling, advertising and distributing goods that are confusingly similar to the goods protected by Cascade's registered "Worm Factory"

1  trademark.  (*See Generally* the Declaration of Daniel M. Bronski submitted herewith ("**Bronski
2  Declaration**").)

3  This continuous denigration of Cascade's intellectual property has real and substantial
4  economic consequences for both parties in this case, and Defendants' willful disregard of two court
5  Orders underlying the Injunction unjustly enriches Defendants to the economic detriment of Cascade.
6  The Russell Defendants' failure to comply with the Injunction also reflects their disregard for the
7  Court's authority.  The Russell Defendants' lackluster approach to complying with the Injunction
8  leaves significant doubts as to whether they ever intended to comply in the first instance.

## II. PROCEDURAL BACKGROUND

10  The Court is aware of the factual underpinnings of the dispute and Plaintiff will not reiterate
11  them in detail here.  The Court issued an Order on November 12, 2008 granting Plaintiff's motion for
12  a preliminary injunction enjoining the Russell Defendants from using the term "worm factory" and
13  confusingly similar terms in connection with the sales of composting bins.  (November 12, 2008
14  Order (Dkt. # 33).)  Rather than comply with this Order, Defendants filed a motion for clarification
15  and reconsideration.  The Court issued an Order on January 7, 2009 affirming the November 12, 2009
16  Order and providing guidance to the Defendants as follows:

17  > [The November 12] Order was intended to enjoin the use of the term "Worm Factory" *and confusingly similar marks*. "Factory of Worms" is confusingly similar to "Worm Factory."…
18  > Defendant has simply rearranged the two operative words, which does not sufficiently distinguish the Defendant's product from the Plaintiff's….*nor does the addition of the term*
19  > *"Gusanito" prior to the "Factory of Worms" name remove or cure the infringement*…
20  > While it is clear that changing the Defendant's website and other marketing materials imposes a burden upon it, that is not a reason to permit a continued infringement.

21  (January 7, 2009 Order (Dkt. #42) (emphasis added).)  This Order provided that Defendants were
22  required to comply within "30 days from the date of [the Order]."  (Id.)  More than two months have
23  elapsed after this second Order was issued, and Defendants are still not in compliance.

## III. FACTUAL BACKGROUND – DEFENDANTS' NON-COMPLIANCE WITH THE INJUNCTION

25  Since the Injunction, counsel for Plaintiff has communicated with counsel for Defendants
26  numerous times (over an approximate 30-day period) regarding Defendants' blatant violations of the
27  Injunction.  Separate phone conferences with opposing counsel were conducted on February 18 and

March 11.  (*See* Bronski Declaration, ¶¶2-6.)  A phone message was also left on March 3.  (Bronski Declaration, ¶4.)  More specifically, counsel for Plaintiff sent a detailed letter to counsel for the Russell Defendants on March 10 delineating the four ways in which Defendants were in violation of the Injunction.  (Bronski Declaration, ¶6.)  That letter detailed the four categories of uses by Defendants of confusingly similar marks:

(1)     Use on Defendants' own website www.WormWrangler.com;

(2)     Use on third party websites such as Amazon.com and eBay.com where Defendants' maintain a storefront and sell products directly;

(3)     Use on third party websites such as www.Topline-2000.com, www.BareGreen.com, www.SouthernBaitWorms.com, and www.MagicWorms.com where Defendants' agents and distributors sell products directly; and

(4)     Use in key word advertising and through other search engine optimization, including use evidenced on Defendants' own website.

Each time counsel for Plaintiff communicated the existence of continued infringement to counsel for Defendants, Defendants' counsel quickly assured Plaintiff's counsel that the problems would be corrected immediately.  (*See* Bronski Declaration, ¶¶ 2, 3, 5.)  Notwithstanding constant follow-up by counsel for Plaintiff, blatant infringement in all four categories continues even today (*i.e.*, as of the filing of this Motion).  Rather than detail the numerous categories of blatant violations of the Injunction, Plaintiff invites the Court to review Exhibits D, E, F, G, H and I to the Bronski Declaration.  These exhibits are provided as examples of noncompliance by the Russell Defendants with the Injunction, and are not an exhaustive catalogue of their non-compliance.

### IV.  DISCUSSION

**A.     THE RUSSELL DEFENDANTS' ACTIONS (AND BAD FAITH) WARRANT CONTEMPT**

In order to establish contempt, a movant must establish the following elements (by clear and convincing evidence): (1) a violation of a court order, (2) no substantial compliance, (3) not due to a good faith and reasonable interpretation of the injunction.  <u>Rebis v. Universal CAD Consultants</u>, U.S. Dist. Lexis 12366, * 5 (N.D. Cal. 1998); <u>Prince of Peace Enterprises v. Kwok Shing Import-Export</u>,

MOTION FOR ENFORCEMENT AND CONTEMPT
(C08-5433RBL) - 3

**BALASUBRAMANI LAW**
8426 40th Ave SW
Seattle, Washington  98136 / (206) 529-4827

1  U.S. Dist. Lexis 14125, * 10-11 (N.D. Cal. 1997) (describing in detail the elements needed to
2  establish contempt).  Contempt is appropriate when a party has failed to comply with a specific and
3  definite order, and proof of the parties' failure to comply is based upon clear and convincing
4  evidence.  *See* <u>Prince of Peace Enterprises</u>, U.S. Dist. Lexis 14125, at * 10.

5      *1.    There is no dispute that Defendants are not in compliance with the Injunction.*

6  In this case, Defendants' have failed to comply with even the bare minimum requirements
7  outlined in the Injunction.  Defendants continue to prominently place infringing items on eBay as of
8  the filing of this motion, among other blatant violations.  (*See* Bronski Declaration, ¶8; Exhibit E.)
9  Similarly, Defendants' own website contains numerous obvious references to infringing items
10 advertised for sale as well as numerous references to the infringing items in source code and in plain
11 text, such as Defendants' blog which contains possibly hundreds of references to the prohibited
12 terms.  (*See* Bronski Declaration, ¶7; Exhibit D.)

13     *2.    Defendants' non-compliance is not a result of their inability to comply.*

14 Defendants' non-compliance is not a result of their inability to comply.  Defendants control
15 the content on their own website as well as on third party sites which provide merchant services (such
16 as eBay).  When queried, counsel for the Defendants' has repeatedly represented that the Defendants'
17 would comply quickly.  Yet the continued ubiquity of the phrase "worm factory" and "factory of
18 worms" on the internet connected with Defendants' products powerfully speaks to Defendants' bad
19 faith.  Each day that Defendants' use confusingly similar terms to Plaintiff Cascade's registered
20 "Worm Factory" trademark, Cascade is deprived of the value associated with its trademark and loses
21 significant sales as well as goodwill.

22     *3.    Defendants cannot make an argument regarding their interpretation of the Injunction.*

23 Finally, the record precludes the Russell Defendants from making any arguments regarding
24 the scope of the Injunction.  The Russell Defendants sought clarification regarding what variations of
25 "WORM FACTORY" were covered, and the Court's January 7, 2009 Order provides clear guidance
26 on this issue.

27

MOTION FOR ENFORCEMENT AND CONTEMPT  
(C08-5433RBL) - 4

**BALASUBRAMANI LAW**
8426 40th Ave SW
Seattle, Washington  98136 / (206) 529-4827

1  **B.  PLAINTIFF IS ENTITLED TO BOTH COERCIVE AND COMPENSATORY RELIEF**

A court may impose sanctions for contempt to coerce obedience with a court's order or to compensate a party for the injuries resulting from the contempt – or for both of these.  *See* Modtech, Inc. v.Designed Facilities Construction, Inc., U.S. Dist. Lexis 21474, * 11 (C.D. Cal. 1999); *see also* Rebis, U.S. Dist. Lexis 12366 at * 13 (ordering party in contempt to pay $5,000 a day for every future violation of the plaintiff's copyright).  An award of attorney's fees and costs are appropriate where a court finds contempt.  BMG v. Edmundo Perez, 952 F.2d 318, 320 (9th Cir. 1991).

In this case, given the Defendants' blatant bad faith and longstanding non-compliance despite time consuming and expensive efforts by Plaintiff to speed up the process, and given the substantial economic implications of Defendants' continued noncompliance with the Injunction, the Court should impose a five thousand dollar ($5,000) fine (payable to Cascade) for Defendants' non-compliance with the Injunction to date, and a one thousand dollar ($1,000) per day fine for any ongoing non-compliance.  Only a stiff economic penalty will cause Defendants to cease flouting the Court's injunction.  The Court should also order Defendants to reimburse Plaintiff for the costs and attorney's fees for bringing this motion.

### V.  CONCLUSION

Despite the Court's entry of the Injunction, the Russell Defendants continue to use the phrase "FACTORY OF WORMS" and "WORM FACTORY" in connection with the sale of their products and services.  Counsel for Plaintiff has tried to monitor compliance with the Injunction by the Russell Defendants, despite having no obligation to do so.  A full 45 days have elapsed since the Court's deadline, and the Russell Defendants are still not in compliance.  Plaintiff respectful requests that the Court issue an Order finding the Russell Defendants in contempt, assessing sanctions, and ordering the Russell Defendants to pay Plaintiff its reasonable attorney's fees and costs associated with this Motion.

//

//

//

1  DATED this 16th day of March, 2009.

                                                        For Plaintiff

**BALASUBRAMANI LAW**
/s/ Venkat Balasubramani

_____
Venkat Balasubramani, WSBA #28269
8426 40th Ave SW
Seattle, WA 98136
Tel:    (206) 529-4827
Fax:    (206) 260-3966
Email: venkat@balasubramani.com

**VERITRADEMARK**
/s/ Daniel M Bronski

_____
Danny Bronski, WSBA #34385
1411 East Olive Way
Seattle, WA 98122
Tel:    (206) 281-0795
Fax:    (206) 774-0430
Email: danny@veritrademark.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 16, 2009, I caused the foregoing **(1) PLAINTIFF'S MOTION FOR ENFORCEMENT OF A PRELIMINARY INJUNCTION AND FOR A FINDING OF CONTEMPT; (2) DECLARATION OF DANIEL M. BRONSKI; AND (3) PROPOSED ORDER** to be filed via the Court's CM/ECF system which will provide notice to counsel for Defendants.

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct and that this declaration was executed on March 16, 2009, at Seattle, Washington.

/s/ Venkat Balasubramani

Venkat Balasubramani