**HONORABLE RONALD B. LEIGHTON**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| CASCADE MANUFACTURING SALES, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PROVIDNET CO TRUST, a Washington trust d/b/a WORMSWRANGLER.COM; BARRY RUSSELL, an individual,<br><br>Defendants. | Case No.: **C08-5433RBL**<br><br>PLAINTIFF'S REQUEST FOR LEAVE TO SUPPLEMENT CONTEMPT FILING, LIFT STAY, AND ORDER DEFENDANTS TO SHOW CAUSE<br><br>**NOTING DATE:  April 3, 2009** |

## I.   INTRODUCTION

Despite the Court's Order which enjoined Defendants Providnet Co. Trust (d/b/a wormswrangler.com) and Barry Russell ("***Defendants***") from using Plaintiff's "WORM FACTORY" trademark (the "***Mark***") or any confusing variations of the Mark, Defendants continue to use the Mark.  In fact, use of the Mark by Defendants and their distributors continues to proliferate on the internet, with new distributors using the Mark each day.  Plaintiff requests leave to supplement its pending contempt mention with the additional evidence – which shows ongoing noncompliance with the Injunction as of the date of this filing.  Plaintiff additionally requests that Defendants be ordered to show cause that they (1) have themselves complied with the Injunction and have taken steps to ensure their distributors comply with the Injunction and (2) are not engaging in advertising using the

Mark (including keyword advertising ) either directly or through their distributors in order to circumvent the Injunction. Defendants should be sanctioned for their ongoing noncompliance.

## II.    PROCEDURAL BACKGROUND

The Court is aware of the factual underpinnings of the dispute and Plaintiff will not reiterate them in detail here. The Court issued an Order on November 12, 2008 granting Plaintiff's motion for a preliminary injunction enjoining the Russell Defendants from using the term "worm factory" and confusingly similar terms in connection with the sales of composting bins. (November 12, 2008 Order (Dkt. # 33).) Defendants filed a motion for clarification and reconsideration. The Court issued an Order on January 7, 2009 affirming the November 12, 2009 Order and providing guidance to the Defendants as follows:

> [The November 12] Order was intended to enjoin the use of the term "Worm Factory" *and confusingly similar marks*. "Factory of Worms" is confusingly similar to "Worm Factory."… Defendant has simply rearranged the two operative words, which does not sufficiently distinguish the Defendant's product from the Plaintiff's….*nor does the addition of the term "Gusanito" prior to the "Factory of Worms" name remove or cure the infringement*… While it is clear that changing the Defendant's website and other marketing materials imposes a burden upon it, that is not a reason to permit a continued infringement.

(January 7, 2009 Order (Dkt. #42) (emphasis added).) This Order provided that Defendants were required to comply within "30 days from the date of [the Order]." (Id.)

As of March 2009, Defendants still had not complied with the Injunction, and Plaintiff filed a Motion for Contempt which was noted for April 3, 2009. Following Plaintiff's contempt-filing, counsel for Defendants sought to withdraw. The Court granted the request to withdraw and stayed the contempt Motion pending engagement of replacement counsel by Defendants. (April 9, 2009 Order (Dkt. # 50).)

## III.    ADDITIONAL EVIDENCE OF NON-COMPLIANCE

Ample evidence exists which demonstrates that Defendants have willfully circumvented the Injunction. Plaintiff presented some of this evidence to the Court in its contempt filing. (See Dkts. # 44 (Bronski Decl.), 47 (eBay Decl.), and 48 (Amazon Decl.).) However, Plaintiff requests leave to supplement the evidence on its Motion for Contempt with additional evidence attached to the

MOTION FOR LEAVE TO SUPPLEMENT CONTEMPT
FILING, LIFT STAY, AND ORDER TO SHOW CAUSE
(C08-5433RBL) - 2

**BALASUBRAMANI LAW**
8426 40th Ave SW
Seattle, Washington  98136 / (206) 529-4827

1  Declaration of Andrew Danskin (the internet-marketing manager for Plaintiff) which shows

2  continued non-compliance with the Injunction.  As Mr. Danskin's Declaration shows, willful

3  circumvention of the Injunction by Defendants includes the following:

4      (1)    use on the websites of distributors, who continue to use "Gusanito Factory of Worms";

5      (2)    continued use by Defendants on their own website(s); and

6      (3)    keyword advertising purchased by Defendants and their distributors (i.e., advertising

7  which displays "sponsored results" which are triggered by search terms such as

8  "Factory of Worms" or "Worm Factory").

9  The evidence attached to the Danskin Declaration shows ongoing non-compliance, notwithstanding

10  the filing of a contempt motion by Plaintiff.  This evidence further rebuts Defendants' arguments that

11  they attempted in good faith to comply with the Injunction.  Rather than attempt to comply, the

12  Defendants and their distributors actually _amplified_ their infringement and improper use of the Mark

13  by Defendants and their distributors has _increased_ in this case since the Injunction.  Thus, Plaintiff is

14  forced by the circumstances to request that it be granted leave to supplement its Motion for Contempt

15  with the Danskin Declaration.  In addition, Plaintiff respectfully requests that the Court issue an

16  Order to show cause which requires Defendants to demonstrate what steps they took to comply with

17  the Injunction, including (i) any internal communications regarding compliance and (ii) any

18  communications with third party distributors regarding compliance.

19  ### IV.  CONCLUSION

20  As set forth above, Plaintiff respectfully requests that it be granted leave to supplement its

21  Motion for Contempt (Dkt. # 43) with the evidence submitted herewith.  Plaintiff also requests that

22  Defendants be required to show cause why they should not be sanctioned.  Finally, the stay should be

23  lifted and Plaintiff respectfully requests that this matter be set for hearing.

24  //

25  //

26  //

27

MOTION FOR LEAVE TO SUPPLEMENT CONTEMPT
FILING, LIFT STAY, AND ORDER TO SHOW CAUSE
(C08-5433RBL) - 3

**BALASUBRAMANI LAW**
8426 40th Ave SW
Seattle, Washington 98136 / (206) 529-4827

1   DATED this 6th day of May, 2009.

For Plaintiff

**BALASUBRAMANI LAW**
/s/ Venkat Balasubramani

_____
Venkat Balasubramani, WSBA #28269
8426 40th Ave SW
Seattle, WA 98136
Tel:   (206) 529-4827
Fax:   (206) 260-3966
Email: venkat@balasubramani.com

**VERITRADEMARK**

Danny Bronski, WSBA #34385
1411 East Olive Way
Seattle, WA 98122
Tel:   (206) 281-0795
Fax:   (206) 774-0430
Email: danny@veritrademark.com

MOTION FOR LEAVE TO SUPPLEMENT CONTEMPT
FILING, LIFT STAY, AND ORDER TO SHOW CAUSE
(C08-5433RBL) - 4

**BALASUBRAMANI LAW**
8426 40th Ave SW
Seattle, Washington  98136 / (206) 529-4827

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 6, 2009, I caused the foregoing **(1) PLAINTIFF'S REQUEST FOR LEAVE TO SUPPLEMENT MOTION FOR CONTEMPT; (2) DECLARATION OF ANDREW DANSKIN; AND (3) PROPOSED ORDER** to be filed via the Court's CM/ECF system. A copy was transmitted to Defendants' last known address (as reflected in the Motion to Withdraw filed by counsel for Defendants): Barry Russell, c/o PMB #103, Box 7530, Yelm, WA 98597.

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct and that this declaration was executed on May 6, 2009, at Seattle, Washington.

/s/ Venkat Balasubramani

Venkat Balasubramani