*Original*

1

2

HONORABLE RONALD B. LEIGHTON
LODGED
RECEIVED

AUG 10 2009

3      UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON AT TACOMA

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
DEP.

4

5

6    CASCADE MANUFACTURING SALES, INC          )    Case No.: CO8-5433RBL
     A Washington corporation                  )
                              Plaintiff,        )    RESPONSE BY DEFENDANT TO CASCADE
7                                              )    MANUFACTURING SALES, INC'S (CMSI)
           vs.                                  )    RESPONSE TO MOTION FOR DISMISSAL
8    PROVIDENT CO. TRUST, a Washington trust   )
     Dba WORMSWRANGLER.COM                      )
9    Barry Russell, an individual               )
                              Defendants,        )
10                                             )

11

12

13                              *I. RESPONSE*

14   I.      Introduction – Barry Russell hereby responds to the Response of CMSI – Motion for

15           Dismissal.  Defendants request should be granted, and a settlement should be

16           approved – see the letter of settlement for more info.

17   II.     Let the record show that the plaintiff and his attorneys have been continually acting in

18           bad faith. Another example is the fact that the attorneys for the plaintiff have stated

19           that they have mailed recent documents to the defendant ( document 70, and

             document 73). The defendant has not received any of the last several documents via

20           the mail. The defendant has notified the plaintiff's attorney via email of this lack of

21           notice. We ask that the court force the plaintiff and his attorneys to show proof of

22           their sending of these documents. It is astonishing to me to continually hear the

             plaintiff's attorneys say we have not done this or we have not done that. There was

23           much evidence presented in the Motion for Dismissal by Fraud. As an example,

24           starting at page 171 line 20, the plaintiff's attorneys continue to try and make me,

25           Barry Russell, into Barry Wise. This is factual evidence showing their malice and

             fraudulent intent. The topic of Barry Wise, Combined Resources and the Nevada

26           people continues for nearly 10 pages of the deposition into page 181. My responses

27           were always the same that I am not Barry Wise, nor do I know anything about their

28           business or business associates. I also stated several times in these pages noticing

             those attorneys that they were committing a fraud, under the Federal Rules of Civil

29           Procedure 9b. The Motion for Dismissal should be granted because of all the false,

30           misleading, intimidating, and outright lies regarding the timelines and verbal

31           agreements throughout the entire process of this legal case with Cascade.

32

RESPONSE BY DEFENDANT TO CASCADE MANUFACTURING SALES, INC'S RESPONSE TO
MOTION FOR DISMISSAL
(CO8-5433RBL) Page | 1



08-CV-05433-RESP

III.   *The defendant has offered many settlement options since August 2008 (Memos and letters have been submitted and entered into the Court record)*, the Plaintiff refuses to acknowledge the fact that Russell has done everything the Courts have mandated, even prior to the mandates.  Reference document #69, the reseller letters, and the huge number of pages we submitted to the court as evidence to that fact.

IV.   Document 73, filed 7/20/09, Paragraph C – Titled "MR. RUSSELL'S CONDUCT HAS NEEDLESSLY DRIVEN UP THE COSTS OF THIS LITIGATION". Defendants have lost their representation because of the excess legal fees created by our need to defend false accusations. We have been struggling to keep up with the barrage of demands from both of the plaintiff's attorneys, who seem to be convoluting the objective of this case. That objective should be to respect the "Worm Factory" Mark. My Accountant, Kim Craddock, was present at the depositions wherein she also heard Plaintiffs attorney admit (they made sure to qualify their statement as "off the record") that Cascade's only intent now was to bury me the defendant and do everything possible to destroy Russell's business. And that they are expecting a "large" summary judgment. Amazingly, the next document we received was "Motion for Partial Summary Judgment", along with several more confusing and intimidating e-mails. We have not heard one thing from the plaintiff or his attorneys regarding our large detailed evidence package supporting the Court's Order to *Comply with the Injunction (from the June 25, 2009 court hearing)*. Again, justice or compliance is not what the plaintiff or his attorneys want. We ask the court to stop the plaintiff and his attorneys from circumventing the judicial intent in order to just ring up their cash registers.

V.    We have begged the plaintiffs for settlement options; we do not want to continue to defend our compliance of not using the Mark. It is not in the plaintiff's attorneys intent or desires to accept that we continue to work hard to do everything possible to stop the use of the mark. It is again apparent that the attorneys just want to either continue the legal action or get a huge settlement to pay their fees.

VI.   It is important to note that we are the defendants. The plaintiff and his attorneys continue to imply that we are the pursuers, aggressors, and instigators of this case. That is all not true. The plaintiff and his attorneys are the perpetuators, pursuers, aggressors, and instigators of this case.

VII.   In reference to page 3 lines 6 – 9, I speak the truth as I see it. Kim Craddock was also at the deposition and heard the attorney's intimidations and destructive statements. Throughout this legal action, these attorneys have been and are liars and should be held accountable for their actions.

VIII.   In response to page 3 lines 11-12, we have been on the defense. We have no intended tactics other than to pray for resolution of this case. We are struggling to keep the business afloat. And to pay the excessive legal fees. Why would we want to continue

RESPONSE BY DEFENDANT TO CASCADE MANUFACTURING SALES, INC'S RESPONSE TO MOTION FOR DISMISSAL

1  *this stupidity? I again ask that the court to use the* "Wisdom of Solomon" *and mirror*
2  back to the plaintiff and his attorney there words: "ask the court to send a strong
3  message that these tactics are inappropriate, and are not moving this dispute towards
4  resolution".

IX.    Motion for dismissal should be granted.

1

*Respectfully submitted this 7th day of August, 2009.*

2

Barry Russell

3

4
PMB #103 Box 7530

5
Yelm, WA 98597

6

7
**Certificate of Service**   Mailed by Priority Mail

8
The undersigned certifies that on August 7, 2009 she personally ~~delivered~~ to the Clerk of
9
the Court "RESPONSE BY DEFENDANT TO CASCADE MANUFACTURING SALES, INC'S
RESPONSE TO MOTION FOR DISMISSAL".

10
Tacoma Clerk's Office, US District Court
11
1717 Pacific Avenue
Room 3100
12
Tacoma WA 98402-3200

13
And via USPS Certified mail to the following:
14

15
Venkat Balasubramani (sent via USPS Certified Mail 7006 0002 6481 4130)
Balasubramani Law
16
8426 40th Ave SW
17
Seattle, Washington 98136
Venkat@balasubramani.com
18

19

20
Danny Bronski (sent via USPS Certified Mail 7006 0002 6481 4147)

21
Veri Trademark

22
1411 East Olive Way

23
Seattle, Washington 98120

24
danny@veritrademark.com

25

26
Dated this August 7, 2009
27

28
Kim Craddock
29
1106 Mellen St
Centralia WA 98531

30

31

32
RESPONSE BY DEFENDANT TO CASCADE MANUFACTURING SALES, INC'S RESPONSE TO
MOTION FOR DISMISSAL
(C08-5433RBL) Page | **4**