**HONORALE RONALD B. LEIGHTON**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

### AT TACOMA

CASCADE MANUFACTURING SALES,

               Plaintiff,

   vs.

PROVIDNET CO. TRUST, a Washington trust
dba WORMSWRANGLER.COM;
BARRY RUSSELL, an individual,

           Defendants.

**Case No.:  C08-5433RBL**

MOTION TO EXTEND MEDIATION
DEADLINE AND TRIAL DATE

**Noted: October 2, 2009**

### I.    INTRODUCTION

Plaintiff, Cascade Manufacturing Sales, Inc. ("Cascade") respectfully requests that the Court extend the mediation deadline and the trial date.  Plaintiff has been diligent in attempting to settle this case and to schedule mediation as required by the Court's scheduling order, but due to a variety of reasons has been unable to effect mediation.  Additionally, given the impending trial date and Cascade's pending summary judgment motion, Cascade submits that extending the trial date would allow the parties to fully explore settlement.  Plaintiff has attempted to communicate with Defendants

MOTION TO EXTEND MEDIATION DEADLINE AND
TRIAL DATE (C08-5433RBL) - 1

**BALASUBRAMANI LAW**
8426 40th Ave SW
Seattle, Washington  98136 / (206) 529-4827

to determine whether or not they object to this Motion but Defendants have not provided a clear response to these queries.

## II.    FACTUAL BACKGROUND

The Court's scheduling order requires the parties to effect Rule 39.1 mediation by September 15. (DKT #31). As set forth in the attached Declaration of Daniel Bronski, Plaintiff attempted numerous times to schedule mediation, but by the time the parties had selected a mediator, this left a short two week window prior to the deadline during which Cascade's principal had pre-arranged travel plans. Accordingly, the parties have not been able to effect the Rule 39.1 mediation within the allotted period.

## III.    DISCUSSION

Plaintiff is eager to put appropriate energy into mediation in this case in the hopes that the parties can engage in moderated substantive settlement discussions prior to both parties expending vast resources at trial (which is currently set for October 13, 2009) (DKT #31). Unfortunately, Plaintiff has had difficulty setting a mediation date because of scheduling issues (Plaintiff is in Hawaii and North Carolina from September 11 until September 28, and the only dates Defendant agreed to possibly mediate were two dates within this three week period) and previous difficulty obtaining agreement from Defendant to mediate. See Declaration of Daniel Bronski ("Bronski Decl."), ¶2, Ex. A. Scheduling issues are made more difficult because Defendant refuses to provide a phone number by which Plaintiff's attorneys might contact him and resolve issues around the parties' mutual obligation to complete a settlement conference and mediation. Id.

Despite lack of ability to communicate by phone, the parties have had numerous email discussions about mediation (Plaintiff's attorneys typically initiate conversation several times per week attempting to move this litigation forward). Id. The parties have agreed on a mediator consistent with Defendant's refusal to mediate in Seattle (Defendant chose a mediator after Plaintiff provided a link to all relevant federal court mediators for intellectual property cases). Id. Moreover, since coordinating the schedule of all parties (the mediator, Plaintiff and Defendant) was not possible

MOTION TO EXTEND MEDIATION DEADLINE AND
TRIAL DATE (C08-5433RBL) - 2

**BALASUBRAMANI LAW**
8426 40th Ave SW
Seattle, Washington  98136 / (206) 529-4827

prior to September 15, Defendant agreed to stipulate to an extension to schedule the mediation at a mutually agreeable later date, only to recant later by making this stipulation subject to an absurd request that it be conditional upon allowing him to depose the Rhoads family.  Id.

Based upon Defendant's often difficult to decipher email responses to Plaintiff's many queries, it is not clear that Defendant opposes an extension in order to mediate this dispute, but he has not affirmatively agreed to an extension either, and thus Plaintiff now files this motion to extend the mediation deadline by six weeks, and re-set the deadline to October 27, 2009.

Because the parties have never had meaningful settlement discussions (Defendant has never provided a substantive response to any of Plaintiff's three detailed settlement letters (Id.)), and because mediation and knowledge of the outcome of Plaintiff's pending summary judgment motion (Dkt #75) would aid trial preparation immensely for each party, Plaintiff also respectfully requests that the Court extend not only the mediation date in this case, but the trial date as well.  Plaintiff requests in the attached motion that the date be December 1, 2009, so that the parties may prepare for trial more efficiently while engaging in meaningful settlement discussions.  A proposed order to that effect is attached.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court extend the mediation deadline as well as the trial date.  This extension is in the interest of all parties and in the interest of judicial expediency, since mediating the case prior to trial maximizes the prospect of settlement.


Respectfully submitted: September 14, 2009.



**BALASUBRAMANI LAW**

/s/ Venkat Balasubramani
_____
Venkat Balasubramani, WSBA #28269

MOTION TO EXTEND MEDIATION DEADLINE AND
TRIAL DATE (C08-5433RBL) - 3

**BALASUBRAMANI LAW**
8426 40th Ave SW
Seattle, Washington  98136 / (206) 529-4827

8426 40th Ave SW
Seattle, WA 98136
Tel:    (206) 529-4827
Fax:    (206) 260-3966
Email: venkat@balasubramani.com


**VERITRADEMARK**

/s/ Daniel M Bronski

_____

Danny Bronski, WSBA #34385
1411 East Olive Way
Seattle, WA 98122
Tel:    (206) 281-0795
Fax:    (206) 774-0430
Email: danny@veritrademark.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 14th day of September, 2009, I caused the foregoing **MOTION TO EXTEND MEDIATION DEADLINE AND TRIAL DATE** along with relevant declaration and exhibits to be sent via US Mail and email to last known address for Defendant:

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct and that this declaration was executed on September 14, 2009, at Seattle, Washington.

/s/ Daniel M Bronski

_____

Danny Bronski