

08-CV-05433-RESP                              HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CASCADE MANUFACTURING SALES, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PROVIDNET CO TRUST, a Washington trust dba WORMSWRANGLER.COM;<br><br>Barry Russell, an individual,<br><br>Defendants. | CASE NO: C08-5433RBL<br><br>Defendant's response to Plaintiff's request for legal fees. |

## I.   RESPONSES

1. This case should never have gone to trial. There was never any trademark infringement proven in this case. Therefore, the majority of legal fees incurred by <u>both</u> parties were unnecessarily created.

2. The defendant had no choice in continuing this case through trial because even though defendant tried several times both thru his early attorneys and then personally, to resolve this matter, plaintiffs conjured up frivolous requests and distracting information to batter the defendant. Defendant did not have a say in ending this case because he could not afford the incredibly high dollar settlement demands of plaintiff.

3. The Plaintiff had the choice to continue this case or not. It appears that due to the inabilities of the plaintiff's lawyers they did not know how to stop the runaway train that they created, nor did they want to on a month to month basis.

4. The plaintiff and his lawyers stated to the defendant several times separately and individually that this case was a slam dunk and the defendant was going to be hit with

hundreds of thousands of dollars in judgments. This slam dunk did not happen making it apparent that most of the incurred substantial legal fees were wrongly created by the perpetuation of this case by the plaintiff and their attorneys through trial.

5. The only reason that this case was stretched out through trial was because the Plaintiff wanted to do financial harm to the defendant. That financial harm to the defendant has been accomplished, but not to the almost half of a million dollars worth which the attorneys were sure of.

6. A judgment for legal fees in this case against the defendant will only do more financial harm to the defendant and force the defendant into bankruptcy, losing the business, and creating unnecessary unemployment for several folks in our economically depressed area.

7. It is still the belief of the defendant that the plaintiff fraudulently obtained the "worm factory" trademark. It is also the belief that the defendant is still entitled to prior and/or concurrent use of the mark. But, the defendant will NOT use the "F" word in any

8. The defendant understands that the court's decision determined that the plaintiff had received a trademark and the defendant needed to and did comply with the injunction. The validity or fraudulent nature of the trademark application was not considered.

9. It is now clear that the Plaintiff's attorneys enjoyed and encouraged the time delays because they were getting their monthly retainer no matter how little work that they did in any given month. There is no of itemization of expenses detailed.

10. If any Attorney fees are allowed in this case, those fees should be based on a contingency type valuation. The question is what percentage of the entire suit to trial was absolutely necessary to confirm the injunction? And the very harmful unnecessary time and legal fees created by the defendant in defense of this case should be considered.

11. The defendants accept responsibility for their legal fees, accounting fees including a full audit over several years, and the extra management/business fees which defendant is also responsible for. The life's lessons learned by the defendant are appreciated and eternal.

12. The Plaintiff must be held to proper legal standards and made to accept responsibility for their own costs and actions.

13. It is not clear as too what exact jobs were accomplished by the Plaintiff's attorneys in each month. The defendant should have the ability to question the value and validity of individual charges. So, the value of the monthly charges is in dispute because there is no itemization. Again, just like the poor financial documentation efforts of plaintiff, the attorneys seem to lack financial accountability with this case. Flat rate charges are too ambiguous to evaluate for validity. This type of bad bookkeeping, broad brush stroke painting, shows the lack of professionalism of both of the plaintiff and their attorneys. And seems to match the lack of accounting present in the lawsuit by the Plaintiff themselves. The defendant did hand over all financial information. Where the Plaintiff did not or could not respond to requests for financial information. Perhaps they should hire an accountant/bookkeeper and have the expense of proper accountability.

14. It is obvious that the plaintiff's attorneys were diligent in mud-slinging and trying to introduce irrelevant information which had no bearing on anything having to do with this case. The judge had to steer every hearing back into focus information, not due to Defendant's lack of knowledge of law procedures, but do to the attorney's ulterior motives and misguidance to their own clients. The defendant recommends to the plaintiff, Cascade, to refute the legal fees of their own attorneys in this case.

15. A legal judgment for fees should be denied because there is no way the defendant can

analyze or evaluate the validity of the charges that the plaintiff's attorneys are requesting. If there is a determination of money due, it should be in the form of unsecured non judgment type debt.

16. It is interesting to note the question as to why there is no billing information relating to Mr. Bronski. Again this clearly shows that the itemization, validity, and evaluation of alleged fees cannot be determined and may have been fabricated at the last minute in order to further confuse the court. Again, they complied with the courts instructions at the last minute, and even the eleventh hour in order to limit the response time of defendant. According to the plaintiff's lawyers service was done my email, fax, and US Mail. As of this date, March 11, 2010 at 2 PM. No documents have been received by mail or fax. Only an email sent late Friday evening. The defendant had prior weekend commitments and did not see the email until later in the weekend. The defendant has had to continually watch the online document PACER to get valid documents.

17. Court filing fees ($350) are the only valid and chargeable fees on Exhibit C.

18. Exhibit B is totally irrelevant because that case went to trial because of the cybersquatting and wrong doing by the defendant. There was no trademark infringement or reason for trial in our case. The fee structure for that case has no bearing on this case. It has no apparent connection to our case or the plaintiff's attorneys. And the plaintiff's request for fees is also just convoluting the true question with erroneous babble and far fetching arguments.

19. The plaintiff's attorneys are amateurs and inexperienced (as was stated at trial and evidenced with their performance) and not a good value to the plaintiff. The defendant should not have to pay for the plaintiff's attorneys inabilities. Or their misdirected motivations. The court should sanction the attorneys. At the least, the judge should call

the attorneys into chambers and give them a good tongue lashing. Perhaps they should learn something about the law and the respect of the Judge themselves.

20. The plaintiffs' attorney total fee compensation should only be the wisdom that they gained from this highly unusual and inappropriate case. And the good tongue lashing.

21. To attempt to put this response into some brief clarity, I wish to state much too much legal fees, time, and energy was put into an unnecessary lawsuit. The Plaintiff's attempt at competitor destruction did work. The great harm inflicted on the defendant in defending this case is more than enough compensation to the plaintiff. It is very morally wrong to have the court give any approval of the plaintiff's reprehensible actions.

Respectfully submitted this 11th day of March, 2010.

                                  Barry Russell

                                  *[signature: Barry Russell]*

                                  PMB #103 Box 7530

                                  Yelm, WA 98597

## Certificate of Service

The undersigned certifies that on March 11, 2009 he personally mailed to the Clerk of the Court "DEFENDANT'S RESONSE TO PLAINTIFF'S REQUEST FOR LEGAL FEES" to the following:

Tacoma Clerk's Office, US District Court (sent via USPS Flat rate Priority Mail)
1717 Pacific Avenue
Room 3100
Tacoma WA 98402-3200

Venkat Balasubramani  (sent via USPS First Class Mail)
Balasubramani Law
8426 40th Ave SW
Seattle, Washington 98136

Venkat@balasubramani.com

VERITRADEMARK (sent via USPS First Class Mail)
Danny Bronski, WSBA #34385
1411 East Olive Way Seattle, WA 98122
Tel: (206) 281-0795 Fax: (206) 774-0430
Email: danny@veritrademark.com


Respectfully submitted this 11th day of March, 2010.

Barry Russell

*/s/ Barry Russell*

PMB #103 Box 7530

Yelm, WA 98597