HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATURE'S FOOTPRINT, INC. (formerly CASCADE MANUFACTURING SALES, INC.),<br><br>Plaintiff,<br><br>v.<br><br>PROVIDNET CO TRUST, a Washington trust dba WORMSWRANGLER,COM; BARRY RUSSELL, an individual,<br><br>Defendants. | Case No. C08-5433RBL<br><br>ORDER ON PLAINTIFF'S REQUEST FOR FEES AND COSTS |

THIS MATTER is before the Court on Plaintiff's Motion for Attorneys' Fees, Costs and Litigation Expenses [Dkt. #108]. The Court has reviewed the materials for and against said motion and is fully familiar with the underlying facts in this case. Oral argument is not necessary to resolve the issues set forth in this motion. For the reasons set forth below, the Court awards plaintiff's fees and costs in a reduced amount.

## I. BACKGROUND

After numerous exchanges with defendants' counsel which were unsuccessful in getting defendants to stop the infringing use of plaintiff's trademark, plaintiff filed this lawsuit on July 10, 2008.

{Dkt. #1]. Plaintiff sought and obtained a preliminary injunction, which the Court ordered on November 12, 2008. [Dkt. #33]. Defendants requested reconsideration [Dkt. #36] of the Court's order granting the injunction. The Court denied the request to reconsider, and clarified that the injunction covered "WORM FACTORY" as well as confusingly similar terms, such as "FACTORY OF WORMS." [Dkt. #42]. Following a period of non-compliance with the injunction by the defendants, plaintiff sought and obtained an Order of Contempt, which the Court entered on July 2, 2009. [Dkt. #65]. Thereafter, plaintiff filed a Motion for Summary Judgment [Dkt. #70] which was denied. Defendants filed a Motion to Dismiss for Fraud [Dkt. #67] which was also denied.

The case was tried to the bench in a four day trial starting on February 8, 2010. Following trial, the Court found that: (1) plaintiff had rights in the "WORM FACTORY" trademark and enjoined defendants from using this mark or confusingly similar variations; and (2) defendants had violated Washington's Consumer Protection Act by falsely advertising that defendants' products were "Made in the USA" and had a patent pending, when neither statement was true under the applicable law. The Court also found that plaintiff failed to prove that any of these violations caused plaintiff damages. The Court made the preliminary injunction permanent. [Dkt. #107].

An award of fees may be appropriate in this case because, although the Court did not award money damages to plaintiff, the fact that the Court awarded injunctive relief and found in favor of plaintiff on the issue of liability means that plaintiff was the "prevailing party." Furthermore, the Court issued a contempt order against defendants and noted that defendants needed to be "cajoled" into stopping use of the trademark. An award of costs is appropriate pursuant to Federal Rule 54(d)(1) and Local Rule 54(d).

## II. DISCUSSION

**A.     Plaintiff is Not Entitled to Fees Under the Lanham Act**

Attorneys' fees are available to the prevailing party under the Lanham Act for "exceptional

cases." While bad faith on the part of the losing party may provide evidence that the case is exceptional, other exceptional circumstances may warrant a fee award as well. *Earthquake Sound Corp. v. Bumper Indus.,* 352 F.3d 1210, 1221 (9th Cir. 2003); *Stephen W. Boney, Inc. v. Boney Servs., Inc.,* 127 F.3d 821, 827 (9th Cir. 1997). An award of damages is not necessary to support an award of attorneys' fees, and a plaintiff who obtains injunctive relief but not damages may be entitled to fees. *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.,* 750 F.2s 903, 919 (Fed. Cir. 1984).

In the case at bar, although defendants were slow to realize his obligation to cease and desist infringing the plaintiff's trademark, once convinced of their obligations they worked hard to meet the Court's expectations and to comply with both the letter and spirit of the law. Unfortunately, the case did not stop there. The Court is convinced that plaintiff sought to use its superior position vis-a-vis the trademark to, cause harm to a competitor. Given this Court's strongly-held belief that a significant part of this litigation was motivated by plaintiff's desire to quash competition, no fees will be awarded under the Lanham Act's "exceptional case" authority.

**B.    Plaintiff is Entitled to Fees Under the Washington Consumer Protection Act**

Under the Washington Consumer Protection Act, an attorneys' fee award is mandatory for plaintiffs who prevail on their CPA claims. *See State v. Black*, 100 Wn.2d 793, 676 P.2d 963, 970 (Wash. 1984). Washington courts treat as prevailing parties "[any] one who receives an affirmative judgment in his or her favor." *Riss v. Angel*, 131 Wn.2d 612, 934 P.2d 669, 681 (Wash. 1997).

Here, the Court found that defendants marketed their products as "patent pending," and "made in the USA," when they knew that this was incorrect. Confusion to the purchasing public is the kind of public harm which the Consumer Protection Act was intended to prevent. Trademark infringement can cause confusion as well and is also a violation of the CPA. To deny attorneys' fees in this context, notwithstanding the fact that defendants engaged in misleading advertising practices and trademark enfringement, would allow defendants to engage in these types of tactics for a long period of time with

Page - 3

impunity. Plaintiff should be awarded some fees under the Washington Consumer Protection Act. Those fees should, however, reflect the Court's observation that a significant portion of this litigation was motivated not by a desire to protect a valid trademark, but to force a competitor out of business.

**C.      Determining the Lodestar Figure**

The Court ordinarily determines the amount of attorneys' fees to be awarded using a two-step process. *See Ballen v. City of Redmond,* 466 F.3d 736, 746 (9th Cir. 2006); *McGrath v. County of Nevada,* 67 F.3d 248, 252 (9th Cir. 1995). The first step is to calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *Ballen,* 466 F.3d at 746; *McGrath,* 67 F.3d at 252; *Chuong Van Pham v. City of Seattle, Seattle City Light,* 159 Wn.2d 527, 538, 151 P.3d 976 (2007). The court should then decide whether to adjust the lodestar figure up or down based on any *Kerr* factors. The twelve *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are consistent with Washington Rule of Professional Conduct 1.5.

In this case, plaintiff's counsel billed plaintiff using a flat fee basis, charging $3,000 per month, with the exception of the initial month during which plaintiff paid $5,000 in fees. (The extra fees were charged for the preliminary injunction filing.) Both lawyers who prosecuted the case have significant experience in practicing in federal and state courts with respect to trademark matters, both in court and in front of the United States Patent and Trademark Office. Plaintiff conducted two depositions, and

prosecuted a four-day trial.

Additionally, plaintiff seeks costs in the amount of $3,436.23 under Rule 54 and Local Rule 54. These costs include (1) filing fees; (2) copy costs; (3) court reporter fees; (4) the premium for the bond posted by plaintiff; and (5) costs of obtaining certified copies of the trademark files. All of these are allowable as costs under Rule 54 and Local Rule 54.

### 1. Reasonable Hourly Rate/Reasonable Number of Hours.

In determining reasonable hourly rates, the Court must look to the "prevailing market rate in the relevant community." *Bell v. Clackamas County,* 341 F.3d 858, 868 (9th Cir. 2003). The rates of comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). In making its calculation, the Court should also consider the experience, skill, and reputation of the attorneys requesting fees. *Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 906 (9th Cir. 1995).

In determining the reasonable number of hours, the Court may exclude those hours that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434; *Welch v. Metropolitan Life Ins. Co.,* 480 F.3d 942, 946 (9th Cir. 2007).

In this case, plaintiff's counsel do not seek their fee on an hourly rate basis. They identify neither the hourly rate nor the hours involved. They charged a flat fee which was the result of a "guesstimate" of the reasonable fee that should be charged for the activities contemplated in this case. The billing mechanism selected by the plaintiff and its counsel is similar to "block billing" which is the failure to itemize each task individually in the billing records. The time requested should ordinarily be reduced if block billing makes it impossible to evaluate the reasonableness of the time. *See Welch v. Metropolitan Life Ins. Co.,* 480 F.3d 942, 948 (9th Cir. 2007) (citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004); *see also Mendez v. County of San Bernardino*, 540 F.3d 1109, 1129, (9th Cir. 2008). In this case, however, the Court has no additional reason to challenge the reasonableness of the

methodology employed by counsel in setting their compensation; indeed, the fee seems to the Court to be reasonable if not low under the circumstances.

Although the Court believes that $3,000 per month appears to be a reasonable estimate of fees incurred on the basis of reasonable time expended at a reasonable return for the attorney's effort, the Court is also acutely aware that very little time was spent on issues surrounding the "patent pending" or "made in USA" claims.  Early on in the proceeding, some significant time, however, was spent protecting and enforcing valid trademark rights.  The Court estimates that a fee award of $20,000 is a generous allocation of time to those matters.

Based on the material submitted, the nature of the fee arrangement between plaintiff and its counsel and the Court's knowledge of this case, it is the Court's opinion that attorney fees in the amount of $20,000 should be awarded together with costs in the amount of $3,436.23.

### III.  CONCLUSION

As the prevailing party, plaintiff is entitled to an award of reasonable fees and costs.  Therefore, it is hereby **ORDERED** that this Motion for Attorneys' Fees, Costs and Litigation Expenses [Dkt. #108] is **GRANTED IN PART.**  The Court awards reasonable attorneys' fees of $20,000 and reasonable litigation expenses of $3,436.23.

Dated this 11th day of May, 2010.

                                     RONALD B. LEIGHTON
                                     UNITED STATES DISTRICT JUDGE